**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | |
|---|---|
| KITAKA LAUDERDALE ) <br> ADC # 143067 ) <br>    Petitioner, ) <br> v. ) <br> ) <br> RAY HOBBS, Director, Arkansas ) <br> Department of Correction ) <br>    Respondent. ) | **Case No. 5:13-CV-00040 KGB-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Amended Petition for Writ of Habeas Corpus filed by Kitaka Lauderdale. (Doc. Nos. 2, 23). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was convicted of possession of cocaine with intent to deliver and possession of methamphetamine with intent to deliver by a Craighead County (Arkansas) jury. On September 19, 2008, he was sentenced to forty years' imprisonment for each offense, with fifteen of those years to run concurrently. Thus, his sentence totaled fifty-five years. On appeal, Petitioner argued that the trial court erred when it 1) denied his eleventh hour motion to continue so that he could substitute counsel, 2) granted the State's motion to reconsider the suppression of evidence, 3) found that officers acted in good faith in relying on the search warrant, and 4) found that

Petitioner was not illegally detained following the search. His convictions were affirmed by the Arkansas Court of Appeals on April 13, 2011. *Lauderdale v. State*, 2011 Ark. App. 269. He did not seek review by the Arkansas Supreme Court.

On June 24, 2011, Petitioner sought relief pursuant to Ark. R. Crim. Pro. 37, raising several ineffective assistance of counsel claims. The petition was denied on June 28, 2011, in a single-page order that did little to explain its rationale. Petitioner has submitted several documents that evidence an attempt to appeal that decision, but it is unclear if the circuit court acted on any of his efforts. Regrettably, Respondent has chosen to ignore these filings and Petitioner's arguments regarding the effect they would have on the statute of limitations.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because 1) the trial court erred in denying his motion to suppress evidence found pursuant to illegal searches, 2) the trial court erred by granting the State's motion for reconsideration, 3) the trial court erred in denying his eleventh hour motion to continue, and 4) he received ineffective assistance of counsel in numerous ways. However, his claims fail because they are procedurally defaulted and without merit.

I. **Statute of Limitations**

Respondent contends that Petitioner's claims are barred by the statute of limitations. Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner had until May 3, 2011, to appeal the Arkansas Court of Appeals's decision during his direct review, so the statute of

limitations began on May 14, 2011. It continued to run for 52 days until he filed his Rule 37 petition on June 24, 2011. The main point of contention involves when it began to run again.

Petitioner alleges that the limitations period should be tolled by his attempts to appeal the denial of his Rule 37 petition because state agents prevented his appeal from being timely. However, the Court agrees with Respondent's view that these attempts failed to toll the limitations period. Only properly filed applications can toll the statute of limitations, and Petitioner failed to perfect his appeal in a timely manner.  Thus, the limitations period began to run again on June 29, 2011, the day after his Rule 37 petition was dismissed by the circuit court. The current petition was not filed until February 8, 2013.

Petitioner seeks equitable tolling by placing the blame for his untimeliness on the state circuit court clerk's office, but it does not appear that the clerk's office withheld anything that was necessary for the perfection of his appeal.  There was no transcript to obtain, and the appellate record consisted of his notice of appeal, his Rule 37 petition, and the order denying postconviction relief.  It was not the clerk's duty to file the record with the Arkansas Supreme Court, and Petitioner's delay appears to be a result of his misunderstanding of the applicable rules.  Accordingly, the Court finds that equitable tolling is unwarranted, and the current petition is time barred.

## II. Procedural Default

Petitioner's claims are procedurally defaulted. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an

'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner failed to present any of his arguments for one *complete* round of review by the state courts, so his claims are procedurally defaulted. Even if it is assumed that he has established cause for the defaults of his ineffective assistance claims, Petitioner has failed to establish sufficient prejudice and his claims are without merit. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). There was a substantial amount of evidence to support his conviction, and the conclusory allegations contained in his petition are insufficient to establish prejudice.

### III. Illegal Search

Petitioner argues that the trial court improperly denied his motion to suppress evidence resulting from an illegal search and seizure conducted by the police. The scope of habeas review of Fourth Amendment claims is narrower than it is for other constitutional claims. Review of such claims is only

> undertaken . . . : (a) if the state has provided *no corrective procedures at all* to redress the alleged fourth amendment violations; or (b) if the state has provided a

corrective mechanism, but the defendant was precluded from using that mechanism because of an *unconscionable breakdown in the underlying process*.

*Willett v. Lockhart*, 37 F.3d 1265, 1271 (8th Cir. 1994) (quoting *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992)). Petitioner has failed to show that either circumstance existed in his case, so his claim is unreviewable. The Court also notes that there does not appear to have been a violation of Petitioner's Fourth Amendment rights.

## IV. Double Jeopardy

Petitioner argues that the trial court violated the Double Jeopardy Clause when it granted the State's motion for reconsideration of its decision granting Petitioner's motion to suppress. A judge's ruling on a preliminary, evidentiary motion and subsequent reconsideration of that ruling prior to trial does not involve the Double Jeopardy Clause, and Petitioner has failed to point to any authority that holds otherwise.

## V. Failure to Grant Continuance

Petitioner argues that the trial court violated his Sixth Amendment rights when it failed to grant his last minute motion for continuance. Petitioner's request was made on the Sunday afternoon before the Monday his trial was set to begin, and he had previously been granted nine continuances. The motion was made so that he could obtain new counsel, but he also filed a pleading stating that he was "completely satisfied" with the legal services provided by his attorneys on the same day.

The Court may only overturn the state court's decision on this issue if it was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

6

"We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) (internal citations omitted). "Last-minute requests to substitute defense counsel are not favored. To warrant such relief, a defendant must show 'a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.'" *United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994) (quoting *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)). Under the circumstances, it is apparent that the trial court's actions did not deprive Petitioner of his Sixth Amendment right to counsel and that its denial of his motion was within constitutional bounds.

## VI. Ineffective Assistance of Counsel

Petitioner alleges that trial counsel was ineffective for failing to 1) object to false testimony, 2) move for recusal of the trial judge, 3) seek additional jury instructions, and 4) object to the trial court's unreasonable determination of facts regarding his detention. Petitioner also alleges ineffective assistance of postconviction counsel due to being pro se, but this claim will be treated as an argument for excusing his procedural defaults rather than a freestanding claim because he has failed to develop it and because there is no constitutional right to postconviction counsel. *Coleman v. Thompson*, 501 U.S. 722 (1991).

Petitioner's ineffective assistance claims are without merit. In order to succeed on an ineffective assistance of counsel claim, a petitioner must show both that 1) his counsel provided deficient assistance and 2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, he must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This means showing "counsel made errors so serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Courts must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. With respect to prejudice, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

An ineffective assistance claim in the federal habeas context is doubly difficult because courts must "take a 'highly deferential' look at counsel's performance through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Petitioner's first claim alleges ineffectiveness for failing to object to perceived inconsistencies in testimony provided by the officers who detained Petitioner and executed the search warrant. Such an objection would have been without merit because such matters are issues for the jury to decide, not the court. Further, the record indicates extensive cross-examination by counsel at trial and the suppression hearing.

Petitioner's second claim is wholly conclusory and devoid of any explanation. Dissatisfaction with a judge's ruling is not grounds for recusal, and notice pleading is insufficient in habeas cases.

Petitioner's third claim is also conclusory. He fails to explain what jury instructions counsel should have requested or why the model instructions were insufficient.

Petitioner fourth claim is without merit because he has not demonstrated why the Arkansas Court of Appeals's application of *Michigan v Summers*, 452 U.S. 692 (1981), was

erroneous. Given the fact that the trial court's decision was in accordance with federal law, Petitioner has not shown deficient performance or sufficient prejudice resulting from counsel's failure to object to the trial court's decision regarding his detention.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 23) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

Petitioner's motion for an evidentiary hearing is also DENIED. (Doc. No. 30).

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 6th day of October, 2014.

_____
United States Magistrate Judge